UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIO GARCIA,

     Plaintiff,

                                    Case No.:

-vs-

SANTANDER CONSUMER
USA, INC.,

     Defendant.

_____/

## COMPLAINT

     Plaintiff, JULIO GARCIA, by and through her undersigned counsel, sues the Defendant, SANTANDER CONSUMER, USA, INC., and in support thereof respectfully alleges the following:

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## INTRODUCTION

2.     The TCPA was enacted to prevent companies like SANTANDER CONSUMER USA, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

3.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers

another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

6.      The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

7.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

8.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

9.      Plaintiff is an "alleged debtor."

10.     Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

11.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

12.     Defendant, SANTANDER CONSUMER USA, INC. ("SANTANDER"), is a corporation which was formed in Illinois with its principal place of business at 1601 Elm Street, Suite 800, Dallas, Texas 75201 and conducting business in the state of Florida through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, Florida  33324.

13.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14.     In the summer of 2013, Plaintiff purchased a vehicle.   SANTANDER is the lender for Plaintiff's car loan.

2

15.     In the latter part of 2013, SANTANDER began bombarding the Plaintiff with calls to Plaintiff's cell phone in an attempt to collect on the car loan.

16.     In approximately January of 2014, Plaintiff told SANTANDER not to call him on his cell phone anymore because it was using up his minutes. SANTANDER advised the Plaintiff that the calls would not cease until Plaintiff's loan payments were current.

17.     On February 15, 2014, Plaintiff sent a letter to SANTANDER indicating that he had repeatedly requested SANTANDER to not call his cell phone, and instructed SANTANDER to not call his cell phone number any more. See Exhibit "A" attached hereto. Despite Plaintiff's request, the calls continued.

18.     On June 29, 2014, Plaintiff sent another letter to SANTANDER again requesting that SANTANDER cease the telephone calls to his cell phone, indicating:

> "Your automated systems and representatives call my cell phone so many times a day. At least 2-4 times a day wasting my minutes. I have spoken with a few representatives and have asked them to please stop and they have mentioned that they can't that the systems are automatic set up to annoy people to pay. Please do not call my number any more. I will contact you."

See Exhibit "B" attached hereto. Despite Plaintiff's request, the calls continued.

19.     On December 20, 2014, Plaintiff sent his third letter to SANTANDER, requesting that SANTANDER stop calling him. See Exhibit "C" attached hereto. However, as before, Plaintiff's attempts to get the harassment to stop were in vain, as the calls continued unrelenting and are continuing to this day.

20.     In a small sample of this harassing campaign, SANTANDER called the Plaintiff over 100 times since January of 2015 in an attempt to collect a debt. The calls are continuing up to the filing of this complaint.

21.     While Plaintiff did not keep contemporaneous detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as Exhibit "D" is a list is a sample of some of calls to Plaintiff's cellular telephone from Defendant between January 16, 2015 and February 9, 2015 showing 91 calls during that time frame.   The Court in *Nelson v. Santander Consumer, USA, Inc.*, at 931 F.Supp.2d 919, found that the Defendant used an Automatic Telephonic Dialing System and/or predictive dialer within the scope of § 227(a)(1) and the FCC's order.

22.     Each of the autodialer calls that SANTANDER made to Plaintiff's cellular telephone after January 20, 2014 after he had revoked consent and without the "prior expressed consent" of the Plaintiff.

23.     SANTANDER attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

24.     SANTANDER intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back-to-back days, with such frequency as can reasonably be expected to harass.

25.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.   The Court in *Nelson v. Santander Consumer USA, Inc.* (No. 11-CV-307-BBC, --- F. Supp. 2d ---, 2013 WL 1141009 (W.D. Wis., Mar. 8, 2013)) found that the Defendant used an Automatic Telephone Dialing System and/or predictive dialer within the scope of § 227(a)(1) and the FCC's order.

26.     Each call  made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

27.    The autodialer calls from Defendant came from the telephone number, including but not limited to, 888-222-4227; and when that number is called, an automated voice answers and identifies itself as "Santander Consumer USA"

28.    Each call SANTANDER made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

29.    Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (727) ***-7997, and was the called party and recipient of Defendant's autodialer calls.

30.    SANTANDER has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

31.    SANTANDER's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals asking to SANTANDER to not call anymore.

32.    SANTANDER has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

33.    SANTANDER has had numerous complaints from consumers against them across the country asking to not be called, however SANTANDER continues to call.

34.    SANTANDER's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

35.    Plaintiff did expressly revoke consent to SANTANDER's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to SANTANDER's placement of the calls.

36.    None of SANTANDER's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37.     SANTANDER willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

38.     Plaintiff incorporates Paragraphs 1 through 37 above.

39.     Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant to stop calling Plaintiff.   When the defendant told Defendant's representative in January 2014 to stop calling, the representative responded, "the computers are programmed to blow up people's phones up that are late.  He wishes he could stop it but he can't.  Only if the account is current, it will automatically stop".

40.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant to stop calling Plaintiff.

41.     SANTANDER repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

       **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42.     Plaintiff incorporates paragraphs 1 through 37 above.

43.   At all times relevant to this action SANTANDER is subject to and must abide by the laws of Florida, including Florida Statute § 559.72.

44.   SANTANDER has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

45.   SANTANDER has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46.   SANTANDER's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

   **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against  for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Tav Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar #: 338620
Attorney for Plaintiff
TGomez@ForThePeople.com